1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

9

10   MATTHEW N. C.,

11                    Plaintiff,

12        v.

13   COMMISSIONER OF SOCIAL
     SECURITY,

14                    Defendant.

15

CASE NO. 3:19-CV-05112-DWC

ORDER REVERSING AND
REMANDING DEFENDANT'S
DECISION TO DENY BENEFITS

16        Plaintiff filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of

17   Defendant's denial of his applications for supplemental security income ("SSI") and disability

18   insurance benefits ("DIB"). Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73

19   and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned

20   Magistrate Judge. *See* Dkt. 3.

21        After considering the record, the Court concludes the Administrative Law Judge ("ALJ")

22   erred when he found Plaintiff experienced medical improvement beginning May 2, 2015. The

23   ALJ also erred in his consideration of the March 2017 opinion of Terra Grandmason, ARNP.

24   Had the ALJ properly considered the medical evidence in finding Plaintiff had medical

improvement and properly considered Nurse Grandmason's opinion, Plaintiff's disability status

may have continued or the residual functional capacity ("RFC") assessment beginning May 2,

2015 may have changed. The ALJ's error is, therefore, not harmless, and this matter is reversed

and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the Commissioner of Social

Security ("Commissioner") for further proceedings consistent with this Order.

<u>FACTUAL AND PROCEDURAL HISTORY</u>

On September 22, 2012, Plaintiff filed applications for SSI and DIB, alleging disability as

June 21, 2012. *See* Dkt. 8, Administrative Record ("AR") 33. The applications were denied upon

initial administrative review and on reconsideration. *See* AR 33. A hearing was held before ALJ

Gene Duncan and, on November 21, 2014, ALJ Duncan denied Plaintiff's applications for

benefits. *See* AR 33, 145-202, 367-89. The Appeals Council vacated ALJ Duncan's decision and

remanded the case to ALJ Allen Erickson for further proceedings. *See* AR 33, 390-95. ALJ

Erickson held a hearing on June 8, 2017. *See* AR 256-316. On September 7, 2017, ALJ Erickson

issued a decision finding Plaintiff disabled from June 21, 2012 through May 1, 2015. AR 33-46.

ALJ Erickson, however, found that, as of May 2, 2015, Plaintiff experienced medical

improvement and was no longer disabled. AR 46-53. Plaintiff's request for review of ALJ

Erickson's decision was denied by the Appeals Council, making ALJ Erickson's decision the

final decision of the Commissioner. *See* AR 1-5; 20 C.F.R. § 404.981, § 416.1481.[1]

The issue in this case is whether the ALJ erred in determining Plaintiff experienced

medical improvement as of May 2, 2015, and is no longer disabled. *See* Dkt. 10. In finding

Plaintiff was no longer disabled, Plaintiff asserts the ALJ failed to properly (1) establish medical

---

[1] The September 7, 2017 ALJ decision is the only decision currently before the Court. Therefore, when referencing "ALJ" or "ALJ decision" the Court is referring to ALJ Erickson and the September 7, 2017 decision.

improvement; (2) consider the opinion of Terra Grandmason, ARNP; and (3) consider Plaintiff's subjective symptom testimony. *Id*. Plaintiff requests remand for an award of benefits. *Id*. at p. 12.

STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

DISCUSSION

**I.      Whether the ALJ properly established Plaintiff had medical improvement and was no longer disabled.**

A. *Legal Standard*

Plaintiff alleges the ALJ erred in finding Plaintiff had medical improvement as of May 2, 2015, and was no longer disabled. Dkt. 10. "Once a claimant has been found to be disabled, ... a presumption of continuing disability arises in her favor." *Bellamy v. Sec'y of Health & Human Servs.*, 755 F.2d 1380, 1381 (9th Cir. 1985). The Commissioner "bears the burden of producing evidence sufficient to rebut this presumption of continuing disability." *Id.* To meet that burden, the Commissioner "must determine if there has been any medical improvement in [the claimant's] impairment(s) and, if so, whether this medical improvement is related to [the claimant's] ability to work." 20 C.F.R. § 404.1594, § 416.994.

"Medical improvement is any decrease in the medical severity of [the claimant's] impairment(s), which was present at the time of the most recent favorable medical decision that [the claimant was] disabled." 20 C.F.R. § 404.1594(b)(1), § 416.994(b)(1). "A determination that there has been a decrease in medical severity must be based on changes (improvement) in the symptoms, signs and/or laboratory findings associated with [the claimant's] impairment(s)." 20

C.F.R. § 404.1594(b)(1), § 416.994(b)(1). Medical improvement is related to a claimant's ability to work if there is "an increase in [the claimant's] functional capacity to do basic work activities." 20 C.F.R. § 404.1594(b)(3), § 416.994(b)(3); *see also* 20 C.F.R. § 404.1594(b)(4)(i), § 416.994(b)(4)(i).

B. *Medical Improvement*

Plaintiff asserts the ALJ erred in finding medical improvement beginning May 2, 2015. Dkt. 10, pp. 5-7. The ALJ found medical improvement occurred as of May 2, 2015 because: (1) laboratory testing related to Plaintiff's hematological disorder was negative except for elevated hematocrit levels, which were within normal limits, (2) treatment providers noted Plaintiff's fibromyalgia was reasonably controlled, and (3) treatment providers noted Plaintiff's sleep apnea was well controlled and Plaintiff had significant improvement from pre-therapy symptoms. AR 47.

First, the ALJ found Plaintiff experienced medical improvement as of May 2, 2015 because his laboratory testing was negative related to his hematological disorder. AR 47. The ALJ cited to a record from February 2, 2015, during Plaintiff's period of disability, that showed Plaintiff had some laboratory test results outside the "reference range" noted on the medical records and a medical impression of erythrocytosis,[2] sleep apnea, chest pain, and fibromyalgia. AR 47, 1341, 1343. The ALJ also cited to records from July 13, 2015 and October 5, 2015. AR 47, 1349, 1353. The July and October results again showed some levels outside the reference range with the doctor providing the same medical impressions. *See* AR 1349, 1352-53. While not

---

[2] *Erythrocytosis* is defined as an increase in red blood cell mass and is also associated with an increased hematocrit and hemoglobin concentration.

cited by the ALJ, in March of 2015, Plaintiff's laboratory testing also showed similar results and the medical impressions remained the same. AR 1345-46.

The ALJ's reference to two laboratory reports after May 2, 2015 fail to show medical improvement. Rather, the July and October laboratory testing showed similar results to the February and March testing, which was during the period of Plaintiff's disability. All the testing showed some findings outside the reference range and, despite any fluctuation in the test results, the medical impressions continued to be erthrocytosis, sleep apnea, chest pain, and fibromyalgia. *See* AR 1341, 1343, 1349, 1352-53. Therefore, the record does not support the ALJ's finding that the laboratory testing shows medical improvement.

Second, the ALJ found Plaintiff experienced medical improvement as of May 2, 2015 because Dr. Layton, one of Plaintiff's treating providers, "repeatedly noted" Plaintiff's fibromyalgia was "under fair control and reasonably well controlled with medication during this period." AR 47. The ALJ cited to three treatment notes that state Plaintiff continues to have symptoms of fibromyalgia, but the symptoms are reasonably controlled by his current medication and, thus, the medication would not be changed. AR 1156 (reasonably controlled), 1157 (increased symptoms when off medication), 1182 (fibromyalgia under fair control, "continue present medication for now"). The treatment notes do not indicate Plaintiff's fibromyalgia has improved. Furthermore, Social Security Administration rulings recognize "the symptoms of [fibromyalgia] can wax and wane so that a person may have 'bad days and good days.'" SSR 12-2p, 2012 WL 3104869, at *6; *see also Brosnahan v. Barnhart*, 336 F.3d 671, 672 n. 1 (8th Cir. 2003) (fibromyalgia causes "long-term but variable levels of muscle and joint paint, stiffness, and fatigue"). The ALJ's citation to three treatment notes that state Plaintiff's

fibromyalgia is "under control" does not support finding Plaintiff's fibromyalgia medically improved beginning May 2, 2015.

Third, the ALJ found Plaintiff experienced medical improvement as of May 2, 2015 because treatment providers noted Plaintiff's sleep apnea was well controlled and Plaintiff had improvement from pre-therapy symptoms. AR 47. The records cited by the ALJ show the following: Plaintiff reported to a treatment provider in February of 2015 that he was evaluated for sleep apnea and was told it was well controlled. AR 1192. On September 14, 2015, Plaintiff reported he had significant improvement in pre-therapy symptoms. AR 1168. On October 5, 2015, Plaintiff reported that he saw a sleep specialist and "everything is fine." AR 1351. Here, the ALJ cited to a treatment note showing Plaintiff's sleep apnea was well controlled during the time period Plaintiff was found to be disabled. *See* AR 47 (non-disability beginning May 2, 2015), 1192 (sleep apnea well controlled in February of 2015). The ALJ does not explain how Plaintiff has experienced medical improvement if his sleep apnea was "controlled" both prior to and after May 2, 2015. While one treatment note indicates Plaintiff's sleep apnea symptoms improved with compliance with his CPAP machine, the treatment note does not indicate when Plaintiff began using the CPAP machine or if his report of improved symptoms began May 2, 2015. Thus, this treatment note does not support a finding of medical improvement. In contrast to the ALJ's finding, the record indicates Plaintiff started treatment with a CPAP machine in October of 2012 and has been "stable" on his CPAP machine since January 2013. AR 1222. Therefore, the Court finds the ALJ's third reason for finding Plaintiff had medical improvement beginning May 2, 2015 is not supported by the record.

The Court notes the ALJ also discussed the medical evidence in the record from May 2, 2015 through the date of his decision when discounting Plaintiff's subjective symptom

testimony. *See* AR 47-51. The ALJ, however, does not correlate this evidence with his findings of medical improvement. Therefore, the Court does not find a recitation of medical evidence related to Plaintiff's subjective symptom testimony is sufficient to explain his findings of medical improvement. *See Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015) ("the agency [must] set forth the reasoning behind its decisions in a way that allows for meaningful review"); *Blakes v. Barnhart*, 331 F.3d 565, 569 (7th Cir. 2003) ("We require the ALJ to build an accurate and logical bridge from the evidence to her conclusions so that we may afford the claimant meaningful review of the SSA's ultimate findings.").

Additionally, the record contains two opinions regarding Plaintiff's functional limitations after May 2, 2015. *See* AR 51. The ALJ gave little weight to both opinions. *See* AR 51. Without medical opinion evidence, the ALJ fails to show how any alleged medical improvement resulted in an increase in Plaintiff's functional capacity to do basic work activities or that the RFC was supported by substantial evidence. *See Banks v. Barnhart*, 434 F. Supp. 2d 800, 805 (C.D. Cal. 2006) (noting "the ALJ's RFC determination or finding must be supported by medical evidence, particularly the opinion of a treating or an examining physician"); *Adams v. Berryhill*, 2017 WL 1319833, at *2 (W.D. Wash. March 21, 2017) (finding the ALJ erred when failing to establish the plaintiff's medical improvement resulted in an increase in the plaintiff's functional capacity).

For the above stated reasons, the Court finds the ALJ's three reasons for finding medical improvement beginning May 2, 2015 are not supported by the record. Therefore, the ALJ erred.

"[H]armless error principles apply in the Social Security context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012). An error is harmless, however, only if it is not prejudicial to the claimant or "inconsequential" to the ALJ's "ultimate nondisability determination." *Stout v. Commissioner, Social Security Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006); *see Molina*, 674

F.3d at 1115. The Ninth Circuit has stated "'a reviewing court cannot consider an error harmless unless it can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination.'" *Marsh v. Colvin*, 792 F.3d 1170, 1173 (9th Cir. 2015) (quoting *Stout*, 454 F.3d at 1055-56). The determination as to whether an error is harmless requires a "case-specific application of judgment" by the reviewing court, based on an examination of the record made "'without regard to errors' that do not affect the parties' 'substantial rights.'" *Molina*, 674 F.3d at 1118-1119 (quoting *Shinseki v. Sanders*, 556 U.S. 396, 407 (2009)).

Had the ALJ properly considered the medical evidence, the ALJ may have found Plaintiff did not experience medical improvement and remains disabled. Therefore, the ALJ's error is harmful and requires reversal.

C. *Nurse Grandmason*

Plaintiff asserts the ALJ failed to properly consider the March 7, 2017 medical opinion of Nurse Grandmason, Plaintiff's treating provider. Dkt. 10, pp. 8-10. Pursuant to the relevant federal regulations, medical opinions from "other medical sources," such as nurse practitioners, therapists and chiropractors, must be considered. *See* 20 C.F.R. § 404.1513 (d); *see also Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1223-24 (9th Cir. 2010) (citing 20 C.F.R. § 404.1513(a), (d)); SSR 06-3p, 2006 WL 2329939. "Other medical source" testimony "is competent evidence that an ALJ must take into account," unless the ALJ "expressly determines to disregard such testimony and gives reasons germane to each witness for doing so." *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001); *Turner*, 613 F.3d at 1224. "Further, the reasons 'germane to each witness' must be specific." *Bruce v. Astrue*, 557 F.3d 1113, 1115

(9th Cir. 2009); *see Stout*, 454 F.3d at 1054 (explaining "the ALJ, not the district court, is required to provide specific reasons for rejecting lay testimony").

Nurse Grandmason authored a medical opinion on March 7, 2017, wherein she stated Plaintiff's complaints of fatigue, pain, dizziness, and malaise are likely linked to his fibromyalgia and depressive disorder. AR 1331. She found Plaintiff's complaints of fatigue, despite CPAP machine compliance, will continue due to links with depression, fibromyalgia, and deconditioning. AR 1331. Nurse Grandmason opined Plaintiff would require a sit/stand option at work; however, she was unsure if Plaintiff would need to lie down during an eight-hour work day. AR 1331. She thought Plaintiff would benefit from an "FCE" (functional capacity examination). AR 1331. She also stated she was unsure if Plaintiff's impairments would cause him to be absent from work. AR 1332.

The ALJ discussed Nurse Grandmason's opinion and stated:

> The opinion is given little weight because (1) it is conclusory, providing very little explanation of the evidence relied on in forming that opinion. (2) Furthermore, the opinion does not qualify as a medical opinion from an acceptable medical source.

AR 51 (numbering added).

First, the ALJ discounted Nurse Grandmason's opinion because it was conclusory. AR 51. An ALJ may reject an opinion "if that opinion is brief, conclusory, and inadequately supported by clinical findings." *Batson v. Commissioner of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004); *Bayliss*, 427 F.3d at 1216; *see Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001). Furthermore, an ALJ may "permissibly reject[ ] ... check-off reports that [do] not contain any explanation of the bases of their conclusions." *Molina*, 674 F.3d at 1111-12 (internal quotation marks omitted) (quoting *Crane v. Shalala,* 76 F.3d 251, 253 (9th Cir. 1996)). But, "opinions in check-box form can be entitled to substantial weight when adequately supported."

1  *Neff v. Colvin*, 639 Fed. Appx. 459 (9th Cir. 2016) (internal quotation marks omitted) (citing

2  *Garrison v. Colvin*, 759 F.3d 995, 1013 (9th Cir. 2014)).

3      Here, Nurse Grandmason did not cite to objective findings or provide more detail in her

4  opinion. *See* AR 1331-32. However, the record contains treatment notes from Plaintiff's clinical

5  visits to Summit Pacific Medical Center/Elma Family Medicine, where Nurse Grandmason is a

6  provider. *See* AR 63-144, 974-97, 1024-36, 1167-1239. The record also indicates Nurse

7  Grandmason had access to treatment notes from Plaintiff's other providers when treating Plaintiff.

8  *See* AR 1167-1239. Despite the lengthy treatment notes, the ALJ did not reference that he

9  considered these medical records when finding Nurse Grandmason's opinion was conclusory. *See*

10 AR 51.  The ALJ failed to make any correlation between the treatment notes or explain how the

11 treatment notes are inconsistent with the Nurse Grandmason's opinion. Further, the Court does not

12 find, nor does Defendant cite, any requirement that a medical provider must specifically reference

13 objective medical evidence in her opinion. *See* Dkt. 11. Accordingly, the Court finds the ALJ's

14 first reason for discounting Nurse Grandmason's opinion is not valid. *See e.g. Esparza v. Colvin*,

15 631 Fed. App'x 460, 462 (9th Cir. 2015) (a treating physician's form cannot be rejected based on

16 a failure to cite to objective findings if the opinion is supported by treatment notes).

17     Second, the ALJ discounted Nurse Grandmason's opinion because Nurse Grandmason is

18 not an acceptable medical source. AR 51. A medical opinion from an "acceptable medical

19 source" is a factor "that may justify giving that opinion greater weight than an opinion from a

20 medical source who is not an 'acceptable medical source';" however, "after applying the

21 factors for weighing opinion evidence, an opinion from a medial source who is not an

22 'acceptable medical source' may outweigh the opinion of an 'acceptable medical source,'

23 including the medical opinion of a treating source." *See* Social Security Ruling ("SSR") 06-

24

03P, 2006 WL 2329939. As such, an ALJ may not reject an opinion from a nurse practitioner merely because she is not an "acceptable medical source," as the ALJ did in this case. *See* AR 28; *Lewis*, 236 F.3d at 511 ("Other medical source" testimony "is competent evidence that an ALJ must take into account"). The Court, therefore, finds ALJ's second reason for giving little weight to Nurse Grandmason's opinion is not germane.

For the above stated reasons, the Court finds the ALJ erred by failing to provide specific, germane reasons supported by substantial evidence for giving little weight to Nurse Grandmason's March 2017 opinion.

In this case, the ALJ limited Plaintiff to sedentary work with additional restrictions beginning May 2, 2015. AR 47. The RFC does not contain a sit/stand option. *See* AR 47. Had the ALJ given great weight to Nurse Grandmason's March 2017 opinion, the RFC and the hypothetical questions posed to the vocational expert would have included additional limitations. The ALJ also may have obtained an additional functional capacity evaluation. Therefore, the ultimate disability determination may have changed and, as such, the ALJ's error is not harmless and requires reversal. *See Molina*, 674 F.3d at 1115

D.  *Plaintiff's Subjective Symptom Testimony*

Plaintiff contends the ALJ failed to give clear and convincing reasons for rejecting Plaintiff's testimony about his symptoms and limitations beginning May 2, 2015. Dkt. 10, pp. 12-18. The Court concludes the ALJ committed harmful error in considering if Plaintiff had medical improvement beginning May 2, 2015 and in assessing the medical opinion evidence. *See* Section I,B.,& C., *supra*. The ALJ must, therefore, re-evaluate the medical evidence on remand. Because Plaintiff will be able to present new evidence and new testimony on remand and

1 because the ALJ's reconsideration of the medical evidence may impact his assessment of

2 Plaintiff's subjective testimony, the ALJ must reconsider Plaintiff's testimony on remand.

3 CONCLUSION

4       Based on the foregoing reasons, the Court hereby finds the ALJ improperly concluded

5 Plaintiff experienced medical improvement and was not disabled as of May 2, 2015.

6 Accordingly, Defendant's decision to deny benefits is reversed and this matter is remanded for

7 further administrative proceedings in accordance with the findings contained herein.[3]

8 Defendant's decision finding Plaintiff disabled from June 21, 2012 through May 1, 2015 remains

9 in full force and effect.

10       Dated this 17th day of September, 2019.

11

12 _David W. Christel_

13 David W. Christel
United States Magistrate Judge

---

22 [3] In a conclusory manner, Plaintiff requests the Court remand this case for an award of benefits. *See* Dkt. 10, pp. 2, 12. The Court finds Plaintiff has not presented sufficient argument to warrant remand for further proceedings. Further, the Court finds remand for further proceedings is inappropriate as there are issues which must be resolved regarding whether Plaintiff had medical improvement and became capable of performing jobs existing in significant numbers in the national economy beginning May 2, 2015.